IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TAMMY CARDEN; JOYCE HARRIS;
SABRINA BROWN; SHERRY HODGE;
and TIFFANY BLAKE, Each Individually and
On Behalf of All Others Similarly Situated                    PLAINTIFFS

v.                          No. 3:19-cv-167-DPM

THE LOGAN CENTERS, INC.                                        DEFENDANT

ORDER

1. The Court appreciates the joint report, *Doc. 25*, and the joint report of discovery disputes, *Doc. 35*.

The Court resolves the parties' three disagreements with the following rulings.

- **Interrogatory No. 3**

    The plaintiffs' objections are overruled. Each must respond with facts specific to her claim. No plaintiff must provide a legal conclusion, though.

- **Income tax returns**

    The plaintiffs' objections are overruled. As Logan Centers says, this case is about wages, and whether any plaintiff earned income from other sources could bear on the allegedly worked but uncompensated overtime. All plaintiffs must provide the returns or an authorization.

- **Mobile phone records**

    Here, too, the plaintiffs' objections are overruled. Logan Centers' system does provide critical work-related data. But Logan Centers is, in fairness, entitled to explore what the plaintiffs were doing on their phones during work time.

The plaintiffs must make their supplemental production or provide their authorizations by 8 May 2020. All these materials, plus anything Logan Centers acquires by way of any authorizations, are subject to the Agreed Protective Order, *Doc. 34*, and must be held in confidence.

**2.** The plaintiffs seek to file a second amended complaint. The Court has conditionally certified two groups: one for non-licensed, hourly paid staff, and another for licensed, salaried therapists. *Doc. 22*. The plaintiffs now, in effect, ask the Court to conditionally certify a third group for licensed, fee-for-service therapists. The plaintiffs have received consent forms from Rhonda Bohanan, Debbie Russell, Jenny Baskins, and others. Logan Centers responds that Bohanan, Russell, and Baskins don't fit in either current group, noting that they're licensed therapists but received no salary. Logan Centers opposes the amendment, and asks the Court to declare the unsalaried therapists' consents ineffective.

None of the standard reasons to deny a pleading amendment is present. FED. R. CIV. P. 15(a)(2); *Kozlov v. Associated Wholesale Grocers, Inc.*, 818 F.3d 380, 394–95 (8th Cir. 2016). The plaintiffs haven't acted in

bad faith or with a dilatory motive. And the time needed to handle discovery of the third group's opt-in plaintiffs will not unduly prejudice Logan Centers. A short extension to the notice period should be sufficient for any clean up. And, for good cause, the Court will amend the Final Scheduling Order to give the parties adequate time to complete discovery, and file motions, before any trial.

As to the third group, the plaintiffs have met the lenient conditional-certification standard. *Doc. 22.* The licensed but unsalaried therapists appear to have been subject to the same pay policies. The Court therefore conditionally certifies a group covering all licensed employees since 5 June 2016 who provided therapy services and were paid on a fee-for-service basis. Bohanan, Russell, and Baskins are in this group. So is Lisa Alford, according to Logan Centers. *Doc. 32 at 4 n.2; Doc. 29.*

The Court is uncertain whether any other potential members of the third group have gotten adequate notice. The parties will have more information on this point, and must cooperate and respond accordingly. Although Bohanan, Russell, Baskins, and Alford somehow found out about this action, Logan Centers says licensed therapists paid on a fee-for-service basis were not among those originally notified. *Doc. 32 at 1.* If there are other potential members of the third group, then Logan Centers must provide their contact information by 15 April 2020. Then, plaintiffs' counsel must update the

notice and consent forms and immediately send notice. The consent form should say, "I worked as an hourly, salaried, or fee-for-service therapist...." The Court also extends the opt-in period by four weeks to 22 May 2020—but only for the third group.

Logan Centers can clarify its affirmative defenses in its answer to the second amended complaint. No amended answer to the current complaint is needed.

\* \* \*

The motion to amend, *Doc. 27*, is granted. The second amended complaint is due by 15 April 2020. Logan Centers' motion to amend its answer to the first amended complaint, *Doc. 28*, is denied as moot. Its motion to declare certain consents ineffective, *Doc. 31*, is denied. And the discovery disputes, *Doc. 35*, are addressed.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

7 April 2020