IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TAMMY CARDEN; JOYCE HARRIS;
SABRINA BROWN; SHERRY HODGE; and
RHONDA BOHANON, Each Individually and
on Behalf of All Others Similarly Situated            PLAINTIFFS

v.                     No. 3:19-cv-167-DPM

LOGAN CENTERS, INC.                                 DEFENDANT

## ORDER

In this vigorously litigated wage case, Logan Centers seeks judgment as a matter of law on three of the many contested issues. The Court views the material facts, where genuinely disputed, in the non-moving parties' favor. *Doc. 76; Oglesby v. Lesan*, 929 F.3d 526, 532 (8th Cir. 2019).

First, while Logan Centers makes a strong case that Sherry Hodge was covered by the "learned professional" and "highly compensated" exemptions, 29 C.F.R. §§ 541.601 & 541.0(a), a genuine issue of material fact exists about whether she was paid on a salary basis. This is an essential ingredient of each exemption. *Ibid.; Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039, 1042–44 (8th Cir. 2020). Logan Centers points to payroll records. It's undisputed that Hodge was always paid a base amount of $2,500 every two weeks plus additional sums based on additional work. Hodge testified that she had to bill thirty-five hours a

week to receive this amount. Her pay was never docked but it was her understanding that it could be. When pressed for an example of a co-worker whose pay was docked, she pointed to a new therapist from Jonesboro who didn't cross the thirty-five-hour line. Hodge acknowledged, though, that she was assuming this person's pay was docked. "Salary basis" compensation requires that the "amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). If a factfinder believed Hodge, and concluded that she worked under the prospect of a weekly pay cut based on her productivity, that prospect would make the exemptions inapplicable. While her case would be stronger if she had evidence that her pay or others' had been docked, the plain words of the regulation cover potential-reduction circumstances, too. *Kennedy v. Commonwealth Edison Co.*, 410 F.3d 365, 370–71 (7th Cir. 2005). And this record presents a deep factual dispute about whether those circumstances existed for Hodge.

Second, Logan Centers is not entitled to judgment as a matter of law on the Group 1 collective, which covers hourly non-licensed employees who provided therapy. *Doc. 22*. Named plaintiffs Carden, Harris, and Brown pleaded both individual claims and collective claims. Logan Centers acknowledges that their individual claims go forward but presses that their lack of consents dooms the collective. The Court is not convinced that the declarations from Carden and

Brown satisfy the statute as read by precedent. 29 U.S.C. §§ 216(b) & 256(a)–(b); *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 471-72 (8th Cir. 2015). The declarations imply consent, but do not go quite far enough. In the end, though, this issue comes to nothing. This Court conditionally certified a collective. Three other therapists—Hinton, Hurt, and Smith—opted in. They became party plaintiffs. The collective was commenced as to each when the consent was filed. 29 U.S.C. § 256(b). No collective was ever sought or conditionally certified in *Acosta*, 800 F.3d at 472. The constellation of material facts is different here. Group 1 goes forward, albeit without the three named plaintiffs, who will proceed on their individual claims.

Third, Logan Center's motion for judgment on willfulness is premature. This issue is bound up with the merits. The punishment emails are troubling. The current record is not clear enough for the Court to rule out reckless disregard as a matter of law at this point.

\* \* \*

Motion for partial summary judgment, *Doc. 72*, denied. The Court requests a joint report by 15 January 2021 on whether, given the small number of people involved, the groups are needed for trial.

So Ordered.

*/s/ DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 January 2021