IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TAMMY CARDEN; JOYCE HARRIS;
SABRINA BROWN; SHERRY HODGE;
RHONDA BOHANON; RAY HURT;
OCTAVIA HINTON; SABREEM
ALEEM; MICHAEL SMITH; and
VALISYA COLEMAN                                                        PLAINTIFFS

v.                              No. 3:19-cv-167-DPM

LOGAN CENTERS, INC.                                                    DEFENDANT

ORDER

1.   The parties spent approximately three years vigorously litigating this wage case on almost all issues. There were some challenges in classifying individual employees. And the three groups of plaintiffs caused some tangles. The parties' settled the liability issues. *Doc. 106–1*. A dispute about attorney's fees and costs remains. Counsel for the employees spent 324.8 hours on this case, for which they request $90,690.40 in attorney's fees and $2,084.92 in costs. Logan Centers, however, contends that a reasonable amount is no more than $25,000 in attorneys' fees and costs of $550.35. The Court must determine the number of hours reasonably expended multiplied by a reasonable hourly rate, and then make any appropriate reductions. *Hensley v. Eckerhart*, 461 U.S. 424, 433–40 (1983); *Quigley v. Winter*, 598 F.3d 938, 956–59 (8th Cir. 2010).

2. The Court agrees with Logan Centers that the proposed rates are too high for this kind of work in this District. The Court stands by the rates it used recently in *Thomas v. Viskase*, 3:19-cv-330, Doc. 115, (E.D. Ark. 10 May 2022) and will apply them here for Sanford, Kinney, Rauls, Short, the paralegal, and the law clerk. They still reflect current rates for this kind of work in the District. The Court notes the three lawyers that worked on this case but didn't work on *Viskase*: McEntire, Matlock, and Qualls. The Court will trim their rates based on its experience with the market rates in all kinds of cases in the Eastern District.

Here is the number of hours reasonably expended multiplied by a reasonable hourly rate.

| | | | | | | |
|---|---|---|---|---|---|---|
| Josh Sanford | 28.8 hours | x | $250/hour | = | $7,200 |
| Vanessa Kinney | 45.9 hours | x | $200/hour | = | $9,180 |
| Meredith McEntire | 157 hours | x | $175/hour | = | $27,475 |
| Steve Rauls | 40.4 hours | x | $175/hour | = | $7,070 |
| Sean Short | 13.2 hours | x | $150/hour | = | $1,980 |
| Colby Qualls | 11.2 hours | x | $100/hour | = | $1,120 |
| Rebecca Matlock | 4.4 hours | x | $100/hour | = | $440 |
| Paralegal | 13.1 hours | x | $75/hour | = | $982 |
| Law Clerk | 10.8 hours | x | $25/hour | = | $270 |
| | | | | | $55,717 |

**3.** The Court must make an additional reduction to arrive at a reasonable fee. *Hensley*, 461 U.S at 434-37. Counsel's self-audit and voluntary trims are commendable. An additional 25% reduction is reasonable, though, to account for some overstaffing, inefficiencies, and over-the-shoulder lawyering. While this case was long-lived and hard fought, seven lawyers (including four with more than a decade of experience), a paralegal, and a law clerk is too many hands. *Skender v. Eden Isle Corp.*, 33 F.4th 515, 521–23 (8th Cir. 2022). The Court also agrees with Logan Centers that Counsel spent too much time drafting and editing rather formulaic, plug-it-in type filings—such as the complaint, the conditional certification motion, and the fee petition. Plus, counsel billed too many hours reviewing consent forms. The Court will therefore award a reasonable attorney's fee of $41,787.75— the $55,717 reduced by 25%.

**4.** The Court also awards a reduced amount in costs. FED. R. CIV. P. 54(d)(1); 28 U.S.C. § 1920. The filing fee and the copy costs are recoverable. 28 U.S.C. § 1920(1) & (4). So are the transcript fees. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 464-67 (8th Cir. 2015).

The postage and the private service fee are not recoverable costs. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985). But these items are routinely billed to clients in the Eastern District of Arkansas and will be awarded as a part of the fee. The Court also approves the deposition-

related travel expenses incurred by the employees' lawyer.  These, too, are often billed in this District.  Here is the final award:

| | |
|---|---:|
| Attorneys' Fees | $41,787.75 |
| Costs | $1,191.30 |
| Other Expenses | $893.62 |
| Total | $43,872.67 |

\*   \*   \*

Motion for fees and costs, *Doc. 108*, partly granted and partly denied.  The employees' embedded request for a hearing is denied.  Their comprehensive opening brief, reply, and many supporting materials adequately informed the Court and provided ample opportunity to explain their fee-related points.  Judgment will issue.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

28 September 2022